UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT J. ST. MARTHE, | Civil Action No. 24-7890 (BRM) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| MERRICK GARLAND, *et al.*, | |
| Respondents. | |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 and a request for an emergency stay of deportation proceedings. (ECF No. 1.) Petitioner is an immigration detainee and seeks a writ to stay his removal.[1] For the reasons set forth below, the Petition will be transferred to the United States District Court for the Western District of Louisiana.

"The proper venue for a § 2241 proceeding is the prisoner's district of confinement." *Meyers v. Martinez*, 402 F. App'x 735, 735 (3d Cir. 2010) (per curiam) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). The proper respondent is the "immediate custodian," *i.e.*, the person with the power to produce the petitioner before the court and to release him if proper to do so. *Padilla*, 542 U.S. at 435 (citing 28 U.S.C. § 2243). "District courts are [] limited to granting habeas relief 'within their respective jurisdictions,'" *Padilla*, 542 U.S. at 442 (quoting 28 U.S.C. §

---

[1] Petitioner does not explicitly state whether he is being discretionarily detained under 8 U.S.C. § 1226(a), mandatorily detained under § 1226(c), or has a final order of removal pursuant to pursuant to § 1231.

2241(a)), so that "the court issuing the writ ha[s] jurisdiction over the custodian," *id.* (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)).[2]

Here, Petitioner submits in his Petition that he is confined at Winn Correctional Facility, in Winnfield, Louisiana. (ECF No. 1 at 2.) Winn Correctional Facility is located in the Western District of Louisiana. *See* 28 U.S.C. § 98(c) (Winnfield in is Winn Parish). Because Petitioner was detained at Winn Correctional Facility at the time of filing, this Court does not have jurisdiction over his § 2241 petition.

When a federal court lacks jurisdiction, it may transfer the case to another federal court that does have jurisdiction if it is in the interest of justice to do so. *See* 28 U.S.C. § 1631. "In determining whether transfer is 'in the interest of justice,' courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *United States v. Banks*, 372 F. App'x 237, 239 (3d Cir. 2010) (quoting 28 U.S.C. § 1631).

Petitioner has paid the filing fee, and there is no indication that he was not proceeding in good faith when he filed the Petition in this district. Further, there do not appear to be equitable factors weighing against transfer. The Court therefore finds that it is in the interest of justice to transfer this action to the Western District of Louisiana.

Accordingly, and for good cause appearing,

**IT IS** on this 19th day of July 2024,

---

[2]  *See also*, *e.g.*, *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F. 4th 434, 444 (3d Cir. 2021) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement . . . .") (citation omitted); *United States v. Sheppard*, 742 F. App'x 599, 601 (3d Cir. 2018) ("A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be bought in the district where the prisoner is confined and the prisoner must name the custodian at the facility where he is being held as the respondent.") (citation omitted).

**ORDERED** the Clerk of Court is directed to **TRANSFER** this action to the Western District of Louisiana; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon counsel electronically and **CLOSE** this matter.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**