a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SCOTT J ST MARTHE,                              CIVIL DOCKET NO. 1:24-CV-01053
Plaintiff                                                                    SEC P

VERSUS                                                                JUDGE DRELL

MERRICK GARLAND ET AL,           MAGISTRATE JUDGE PEREZ-MONTES
Defendants

---

REPORT AND RECOMMENDATION

Before the Court is the Petition for Writ of Habeas Corpus under 28 U.S.C. §

2241 filed by counsel on behalf of Petitioner Scott J. St. Marthe ("St. Marthe").  ECF

No. 1.  The Petition was transferred to this Court from the United States District

Court for the District of New Jersey.  ECF No. 2.

Because Petitioner has failed to comply with the Court's Order (ECF No. 7),

the Petition should be DISMISSED WITHOUT PREJUDICE.

I.      Background

Petitioner alleges that his deportation is imminent and detention unlawful

because no deportation proceedings have been initiated.  ECF No. 1 at 4.  He seeks

a release from custody and a stay of removal due to the alleged deprivation of his due

process rights.

Counsel for St. Marthe is a New Jersey attorney.  The Court ordered him to

either: (1) file an Application to Practice in this Court; (2) file a Motion for Admission

Pro Hac Vice pursuant to Local Rule 83.2.6; or (3) secure substitute counsel admitted

1

to practice in this court for the party presently being represented.  ECF No. 7.  The compliance deadline was September 3, 2024.  *Id.*  To date, no additional documents have been filed.

## II.   Law and Analysis

A district court may dismiss an action for a petitioner's failure to prosecute or to comply with any order.  *See* Fed. R. Civ. P. 41(b).  The dismissal may occur upon the motion of the defendant or the Court's own motion.  The authority to dismiss *sua sponte* is provided to "achieve the orderly and expeditious disposition of cases"; to "prevent undue delays"; and to "avoid congestion in the calendars of the District Courts."  *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-31 (1962); *see also Morris v. Ocean Sys., Inc.,* 730 F.2d 248, 251 (5th Cir. 1984); *Anthony v. Marion County General Hospital,* 617 F.2d 1164, 1167 (5th Cir. 1980).

St. Marthe has failed to comply with the Court's Order regarding the admission of counsel, and he has not requested an extension of time within which to comply.  ECF No. 7.  Therefore, the Petition should be dismissed under Rule 41.[1]

---

[1]Even if St. Marthe complied with the Order, his Petition would likely be subject to dismissal. *See Idokogi v. Ashcroft,* 66 F. App'x 526 (5th Cir. 2003) (per curiam) ("The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal."); *Fabuluje v. Immigration & Naturalization Agency,* 244 F.3d 133 (5th Cir. 2000) (per curiam) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay. . . ."). Additionally, although St. Marthe alleges that he has been denied due process, the automated case information available from the Executive Office for Immigration Review indicates that St. Marthe has an immigration case pending with a Master Hearing scheduled before Judge Thorgerson on October 28, 2024. https://acis.eoir.justice.gov/en/caseInformation.

III.    Conclusion

Because St. Marthe has failed to comply with the Court's Order, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, September 24, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3